IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY, | CV 19-00030-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL D. REGINALD, MONTANA DEPARTMENT OF CORRECTIONS, UNKNOWN OWNERS OF MONTANA BASED PRE-RELEASE CENTERS, | |
| Defendants. | |

Plaintiff Bobby Lowry, a prisoner proceeding without counsel, filed a

Complaint alleging he has been denied entry into pre release programs based upon

his hearing disability.  The Court has considered whether Mr. Lowry's Complaint

is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a

defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also

considered whether Mr. Lowry has a reasonable opportunity to prevail on the

merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time.  The

Court finds that Mr. Lowry's allegations "are sufficient to warrant ordering

[defendants] to file an answer."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir.

2012).  Defendant Reginald Michael, as Director of the Montana Department of

Corrections will be required to respond to the Complaint.[1]  *See* 42 U.S.C. §
1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right
to reply to any action brought by a prisoner confined in any jail, prison, or other
correctional facility under section 1983," once the Court has conducted its sua
sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has
made a preliminary determination based on the face on the pleading alone that
plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is
required to respond).

The Montana Department of Corrections, however, should be dismissed.
The Eleventh Amendment bars suit in federal court against a state and/or state
agencies absent a valid abrogation of immunity by Congress or an express waiver
of immunity by the State.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261,
267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico
Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).
The State of Montana has waived immunity only for tort claims brought in state
court.  Mont. Code Ann. § 2-9-101 et seq.  As an agency of the State of Montana,
the Montana Department of Corrections is entitled to Eleventh Amendment

---

[1] Mr. Lowry named "Michael D. Reginald" as the Director of the Montana Department of
Corrections.  The Court, however, takes judicial notice that the Director of the Montana Department
of Corrections is Reginald Michael and he will be referred to as such herein.

immunity and should be dismissed.

As Mr. Lowry has not specifically identified the "unknown owners of Montana based pre-release centers", the Court is unable to serve those Defendants. Should Mr. Lowry discover the names of these Defendants through discovery, he may seek to amend his Complaint within the amended pleadings deadline.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Director Michael to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Director Michael chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following document to Legal Counsel for the Montana Department of Corrections:

> \*   the Complaint (Doc. 2);
> \*   this Order;
> \*   a Notice of Lawsuit & Request to Waive Service of Summons; and

\*      a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Lowry <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Lowry must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

4

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

The Montana Department of Corrections should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lowry may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of July, 2019.


 /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Lowry is being served by mail, he is entitled an additional three days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY, | CV 19-00030-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| MICHAEL D. REGINALD, MONTANA DEPARTMENT OF CORRECTIONS, UNKNOWN OWNERS OF MONTANA BASED PRE-RELEASE CENTERS, | |
| Defendants. | |

TO:   Legal Counsel for the Montana
        Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

A lawsuit has been filed against an individual you may represent in this Court under the number shown above.  A copy of the Complaint (Doc. 2) is attached.

This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Director Michael was served on the date the waiver is filed, but no summons will be served on Director Michael and he will have 60 days from the date this notice is sent (see the date below) to answer the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Director Michael and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 19th day of July, 2019.


 */s/ John Johnston*
John Johnston
United States Magistrate Judge

2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY, | CV 19-00030-H-DLC-JTJ |
| Plaintiff, | |
| vs. | RULE 4 WAIVER OF SERVICE OF SUMMONS |
| MICHAEL D. REGINALD, MONTANA DEPARTMENT OF CORRECTIONS, UNKNOWN OWNERS OF MONTANA BASED PRE-RELEASE CENTERS, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case.  Defendant also received a copy of the Complaint (Doc. 2).  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waives any objections to the absence of a summons or of service.

Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to so default judgment will be entered against him

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2