IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>Plaintiff,<br><br>vs.<br><br>REGINALD D. MICHAEL; UNKNOWN OWNERS OF MONTANA-BASED PRE-RELEASE CENTERS,<br><br>Defendants. | Cause No. CV 19-30-H-DLC-JTJ<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

## I. Background

Plaintiff Lowry, a state prisoner proceeding *pro se*, filed this action on May 6, 2019. He alleges he is being denied placement at a prerelease center because he is legally deaf. He invokes the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. *See* Compl. (Doc. 2) at 2, 3.

On August 29, 2019, Defendant Michael moved to dismiss the complaint for failure to state a claim. Lowry did not timely respond.

On October 9, 2019, the Court ordered Lowry to show cause why the action should not be dismissed for failure to prosecute.

On November 1, 2019, Lowry responded to the motion to dismiss but did not address the order to show cause.

1

Defendant Michael replied in support of his motion to dismiss on November 4, 2019.

## II. Analysis

### A. Department of Corrections' Contracts with Prerelease Centers

Michael seeks dismissal on the grounds that Montana law gives him, as the Director of the Montana Department of Corrections, no role in deciding whether Lowry may apply to or be accepted at a prerelease center. He asserts that Lowry's application for prerelease placement depends on whether the Montana Board of Pardons and Parole finds him suitable for release to a prerelease center. *See, e.g.*, Mont. Code Ann. §§ 46-23-208(1), (3), -215(1), (3). And he asserts that whether Lowry is accepted at a prerelease center depends on prerelease centers' willingness to accept him. *See* Br. in Supp. of Mot. to Dismiss (Doc. 11) at 8.

These assertions may well be true, but they do not support dismissal. The Americans with Disabilities Act applies to public entities, including prisons and prisoners. *See Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 209 (1998). The Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. "Modern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational

2

'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in')." *Yeskey*, 524 U.S. at 210.

Among these benefits is the opportunity for placement in an environment less restrictive than prison. For example, a State's parole board may not "categorically exclude a class of disabled people from consideration for parole because of their disabilities." *Thompson v. Davis*, 295 F.3d 890, 898 (9th Cir. 2003) (per curiam). In essence, Lowry alleges he is excluded from prerelease placement because he is deaf, or at least hard of hearing.

Michael argues that state law authorizes the Montana Department of Corrections to enter into contracts with "private entities owned and managed by private citizens" and that prerelease centers "are privately-owned facilities with only *contractual* relationships with the Montana Department of Corrections." Br. in Supp. of Mot. to Dismiss (Doc. 11) at 8 (emphasis in original); *see also* Mont. Code Ann. § 53-1-203(1)(a)(i), (c)(i). But that is why the Department *may* be liable to a claim for injunctive relief; it could be (and likely already is) required to ensure its contracting partners do not engage in unlawful discrimination.

### B. More Definite Statement

Michael correctly points out, however, that some of Lowry's allegations are difficult to follow. *See, e.g.*, Br. in Supp. of Mot. to Dismiss at 6–7. A more

definite statement is appropriate. The Court will recommend granting Defendant's motion to dismiss but will allow Lowry to file an amended complaint.

Lowry is advised that a claim under the Americans with Disabilities Act must allege facts sufficient to support an inference that Lowry may meet the following elements:

(1) he is an individual with a disability;

(2) he is qualified for placement in a prerelease center;

(3) he was excluded from placement in a prerelease center; and

(4) such exclusion was by reason of his disability.

*See O'Guinn v. Lovelock Corr. Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

The original complaint is sparse in detail as to the second and fourth elements. To cure these defects, Lowry must first identify at least some individual offenders who have "much more severe criminal backgrounds than the Plaintiff" and "extremely higher MORRA scores" who were granted placements in prerelease centers at about the same time he was denied placement in the same prerelease centers.[1] *See* Compl. (Doc. 2) at 3. And second, Lowry must explain why he believes all the prerelease centers denied him placement because of his hearing loss, rather than because of some other factor, such as his incompatibility

---

[1] If Lowry applied in writing to specific prerelease centers, copies of his applications might be useful. But he is not required to submit them.

with persons already in the center or the center's lack of programming suitable to his specific needs. The Court notes that Lowry's response to the motion to dismiss refers to his "disability, or poor medical history." Pl. Resp. (Doc. 14) at 2. Lowry's complaint referred only to his deafness or hearing loss.

Lowry must necessarily know of facts he can allege in response to these two inquiries. Otherwise, he would have had no reason to believe that he was as qualified as others who applied for prerelease placement, and he would have had no reason to believe his hearing loss was the reason he was denied placement.

If Lowry intends to pursue money damages against Michael, he must also allege facts sufficient to support an inference that Michael knew prerelease centers refused to accept Lowry because of his disability. *See Updike v. Multnomah County*, 870 F.3d 939, 950–51 (9th Cir. 2017).

Finally, if Lowry intends to proceed against the unidentified owners of prerelease centers, he must identify the prerelease centers that denied him placement.

Based on the foregoing, the Court enters the following:

### ORDER

1. The order to show cause (Doc. 13) is DISCHARGED.

2. The clerk shall edit the docket to reflect that Defendant Michael's proper name is Reginald D. Michael.

3.  On or before **February 20, 2020,** Lowry must file an amended complaint.

4.  The clerk will provide a form amended complaint for Lowry's use.

The Court also enters the following:

## RECOMMENDATION

Defendants' motion to dismiss (Doc. 10) should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Lowry must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of January, 2020.

 */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.