IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>Plaintiff,<br><br>vs.<br><br>REGINALD D. MICHAEL; UNKNOWN OWNERS OF MONTANA-BASED PRE-RELEASE CENTERS,<br><br>Defendants. | Cause No. CV 19-30-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Lowry, a state prisoner proceeding *pro se*, filed this action on May 6, 2019. He alleged he was being denied placement at a prerelease center because he is legally deaf. He invoked the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. *See* Compl. (Doc. 2) at 2, 3.

On January 30, 2020, the Court ordered Lowry to file an amended complaint on or before February 20, 2020. *See* Order and Findings and Recommendation (Doc. 16) at 6 ¶ 3. He failed to do so. For the second time, the Court ordered Lowry to show cause why his case should not be dismissed. *See* Orders (Docs. 13, 18).

On March 12, 2020, Lowry reported a change of address (Doc. 19), but he did not respond to the order to show cause. The Court noted the action appeared to

1

be moot, as Lowry's address change indicated he was no longer in prison.

The Court issued a third order to show cause (Doc. 20) on March 16, 2020. Lowry once again failed to respond.

Five factors guide a court's decision whether to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b):  "(1) the public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;  (3) the risk of prejudice to defendants/respondents;  (4) the availability of less drastic alternatives; and  (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Little public interest inheres in litigation that even the plaintiff does not pursue.  The Court has many other cases involving plaintiffs who are participating in moving their cases forward.  The defendants have not sought summary judgment, so dismissal will not prejudice their opportunity to obtain a decision on the merits.  Less drastic alternatives do not appear to be available, as Lowry has already received and failed to respond to three orders to show cause.  And a case cannot be disposed of on the merits when the plaintiff fails to file an amended complaint.  Dismissal with prejudice is appropriate.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

This matter should be DISMISSED under Federal Rule of Civil Procedure

41(b) for failure to prosecute.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to this Findings and Recommendation within 14 days.  *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Lowry must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 23rd day of April, 2020.

        */s/ John Johnston*
        John Johnston
        United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.